SCHUH, APPELLEE, *v.* SCHUH ET AL., APPELLANTS.*

(No. 8197—Decided November 19, 1956.)

*Messrs. Harmon, Colston, Goldsmith & Hoadly, Mr. Henry B. Street* and *Mr. Douglas G. Cole,* for appellee.
*Messrs. Goodman & Goodman,* for appellant.

Ross, P. J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations, in which a motion to set aside and vacate a former judgment of that court was overruled.

No bill of exceptions was presented to this court, but the trial court made a finding of fact and announced its conclusions of law in a filed opinion.   The assignments of error are predicated upon errors, prejudicial to the appellant (Federal Construction Corporation) appearing therein, consequent upon the violation of rules of the Court of Common Pleas, of which that court and this court take judicial notice.

The memorandum opinion of the trial court containing the findings and conclusions of that court is as follows:

"In respect to the motion of the Federal Construction Corporation to set aside and vacate the judgment herein on the ground that this defendant and its attorney received no notice of the hearing the court holds that it takes judicial notice of the fact that it is not the custom and never has been in the court of domestic relations to notify such co-defendants or their counsel of the proceedings in reference to their cases.

*Motion to certify the record overruled, May 8, 1957.   Appeal dismissed, 166 Ohio St., 412.

"This practice appears to be sustained in practically all the cases cited by both the plaintiff and defendant corporation.

"The motion, therefore, to set aside the judgment is overruled and an entry may be presented accordingly."

The motion to vacate was based upon the entry of judgment in a divorce action in which it was decreed:

"The court further finds that defendant, Carl J. Schuh, is the owner of defendant, Federal Construction Corporation, under which name he is doing business solely for his own account and in defraud of plaintiff and other creditors, and that he is said Federal Construction Corporation and that there is of record in the name of said Federal Construction Corporation the following described real estate, viz:

"Parcel I:

"Situate in the county of Hamilton, state of Ohio, being Lot 44 and part of Lot 43 of Western Hills Park Subdivision as recorded in Plat Book 28, page 79, Hamilton County, Ohio, Recorder's Office.

"Parcel II:

"Situate in the county of Hamilton, state of Ohio, and being part of Lot 9 of James Terry's Estate as per plat in Plat Book 3, page 52, Hamilton County, Ohio, Recorder's Office."

The defendant Federal Construction Corporation had previously filed an answer in which it alleged that the trial court had no jurisdiction of its person; that it is the owner of the property which the court found to be the property of the defendant husband in the divorce action; that the defendant husband owned five shares of stock of the defendant corporation; and that the other 30 shares were owned by another stockholder. The answer otherwise was a general denial.

Counsel for defendant corporation were counsel of record in the trial court for such party and are well known as active practitioners at the Bar of such county, having an office in the city of Cincinnati, Ohio.

Counsel for appellee rely upon Rule XXIII of the published Rules of the Court of Common Pleas of Hamilton County. This rule is as follows:

"The Court Index shall be the official organ of the courts and judges, and any notice which the court or any judge may

desire to give to attorneys, of any matter, may be given by publication in the Court Index, and such publication shall be deemed a sufficient notice to all attorneys interested unless otherwise provided in these rules."

There is no evidence before the court that notice was given in the Court Index. It will be noticed also that this rule states: "unless otherwise provided in these rules."

In Rule V (6) of such rules, it is provided:

"Cases shall be noted for trial in the Court Index at least ten day before the trial day; a postcard notice giving the approximate date of trial shall be mailed to the attorneys of record by the assignment commissioner three weeks before such date, unless otherwise ordered by the court."

From the findings in the journalized memorandum opinion of the trial court, it is apparent that such court considered that the practice prevailing in the division of domestic relations of such court prevailed over the clearly expressed requirements of Rule V (6), as quoted, and that its officer, the assignment commissioner, was not required to, and did not in the instant matter, comply with the requirements of Rule V (6).

The opinion of the trial court does not find that the defendant corporation ever had any notice of any kind of the date, approximate or otherwise, of the trial in which the rights of this defendant corporation were adjudicated, to its prejudice.

Finally, it does not appear, nor is it found, that the defendant corporation had any notice of the entry of final judgment in the action for divorce in which its rights were adjudicated and entered on the journal of the court. Such entry bears no signature of counsel of record for this defendant or does it appear that such entry was ever submitted to such counsel of record for defendant corporation as is required by Rule X of the Rules of the Court of Common Pleas.

This defendant corporation having filed an answer raising definite issues of fact and law with the claims of the plaintiff was entitled to due notice in accordance with the published Rules of the Court of Common Pleas of the trial and entry of final judgment in such court; and failure to comply with the rules, evident from the findings of the trial court, required that the final judgment sought to be vacated by the defendant cor-

poration should have been set aside and trial awarded this defendant upon the issues so presented by the pleadings.

The judgment of the trial court denying this defendant's motion for such vacation was erroneously entered to its prejudice, for the reason that the original judgment in the divorce action, in which the rights of the defendant corporation were adversely adjudicated, was entered without notice to this defendant and in a trial of which this defendant was not given due notice, all as required by the Rules of the Court of Common Pleas.

The attention of this court has been called to an amendment to Rule 16 of Section 2 of the Rules of the Court of Common Pleas, effective at the time the action was instituted, which, it is said by plaintiff, provides:

"In addition to the requirements of Rule VI, Section 4, a certificate shall be placed upon all original papers filed with the clerk of courts (except original petitions, depositions and bills of exception) that a copy thereof has been mailed to or served upon opposing counsel; and a copy of all such original papers shall be filed with the clerk except depositions and bills of exception. None of the original documents herein designated shall be taken from the courthouse under any circumstances."

The appellee has consistently claimed that notice in the Court Index was notice to the parties.

However, the failure of the defendant husband to comply with the rule, if he did so fail, was not mentioned by the trial court in its findings, as ground for its action adverse to the defendant corporation, and in any event such failure, if it existed, did not justify the trial court in proceeding with a trial, without compliance with the rules of court, to the unquestioned prejudice of this defendant corporation.

The judgment of the trial court is reversed and the cause remanded to such court for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT and MATTHEWS, JJ., concur.